IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10615
Conference Calendar
_____


RICHARD TERRANCE AYERS,

                                    Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION

                                    Defendant-Appellee.


---------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:95MC00016

---------------------
(October 19, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

Richard Terrance Ayers' motion to proceed in forma pauperis
(IFP) on appeal is DENIED. This court may authorize Ayers to
proceed IFP on appeal if he is economically eligible and the
appeal is not frivolous. Jackson v. Dallas Police Dep't, 811
F.2d 260, 261 (5th Cir. 1986).

---

[*]      Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

The district court has the discretion, reviewed for an abuse thereof, to authorize the commencement of a civil proceeding without prepayment of costs by a person who submits an affidavit stating that he is unable to pay the costs of the proceeding. 28 U.S.C. § 1915(a); Prows v. Kastner, 842 F.2d 138, 140 (5th Cir.), cert. denied, 488 U.S. 941 (1988). Poverty sufficient to quality for IFP status does not require absolute destitution. Adkins v. E.I. Du Pont de Nemours & Co., 335 U.S. 331, 339 (1948). The central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life. Id. at 339-40. Orders denying applications to proceed IFP are appealable as final decisions. See Flowers v. Turbine Support Division, 507 F.2d 1242, 1244 (5th Cir. 1975).

The fee for filing a civil rights complaint in the district court is $120. Ayers has not demonstrated that he is unable to pay the costs of litigation in the district court without suffering undue hardship or deprived of daily necessities. Ayers has in excess of $1300 worth of stock, and requiring him to spend less than 10% of those assets will not render him "wholly destitute" nor deprive him of the necessities of life. See Adkins, 335 U.S. at 339. Ayers has not shown that the district court abused its discretion by denying IFP, and thus, he has not raised a non-frivolous issue on appeal with respect to his economic eligibility to proceed IFP in the district court.

IFP DENIED; APPEAL DISMISSED.